CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

FEB 0 6 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA,
LYNCHBURG DIVISION
IN ADMIRALTY

SANTOVA LOGISTICS, LTD.
    Plaintiff,

v.                                         Civil Action No. 6:12CV00007

CASTELLO 1935 INC., d/b/a CASTELLO GROUP,

    SERVE:
    United States Corporation Agents Inc.
    4870 SADLER RD STE 300
    Glen Allen, VA 23060

    Defendant.

---

**COMPLAINT**

---

### I. JURISDICTION AND VENUE

1. This action is within the admiralty jurisdiction of this court pursuant to 28 U.S.C. § 1333(1).

2. Admiralty jurisdiction is based on various bills of lading as described in detail below, which are maritime contracts for the transport of certain containers from China to the United States and upon the quasi-contract claims that relate to maritime issues.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this judicial district.

## II. THE PARTIES

4. Santova Logistics, Ltd. ("Santova") provides supply chain optimization solutions to international businesses including customs clearance and freight forwarding services.

5. Castello 1935 Inc., doing business as the Castello Group, ("Castello") is an importer and seller of linens located in Lexington, Virginia.

## III. THE DISPUTE

6. In early 2009, Defendant Castello contracted with a Chinese company Changzhou Hua Er Rui International Trade Co., Ltd. ("Changzhou") for the purchase of $26,985.80 in bed linens ("Goods"). A copy of the invoice is attached as Exhibit 1.

7. Plaintiff Santova arranged for the transportation of the Goods from Shanghai, China to Los Angeles, CA aboard the M/V LIHUE. A copy of the Bill of Lading is attached as Exhibit 2.

8. The Goods were delivered in Los Angeles and were picked up in May of 2009.

9. Upon information and belief, Defendant Castello took possession of the Goods.

10. Despite its contractual obligations, Defendant Castello did not present the original bill of lading nor did it pay the $26,985.80 purchase price that was due when it took possession of the Goods.

11. Indeed, Defendant Castello never paid the seller, Changzhou, for the goods.

12. As a result, Changzhou filed suit in China against the dedicated agent of Santova in China, Patent International Logistics (Shanghai) Co., Ltd. ("Patent") seeking $26,985.50 and legal costs for the goods being released without presentation of the original bill of lading.

13. The Chinese Maritime Court awarded a judgment against Patent in excess of $26,985.50 which was then affirmed by Shanghai's Supreme People's Court. A certified translation of the Supreme People's Court Opinion is attached as Exhibit 3.[1]

14. There was a dedicated agency agreement ("Agreement") between Santova and Patent, a copy of which is attached as Exhibit 4.[2]

15. Santova was responsible to satisfy the judgment of Changzhou against Patent pursuant to Provision 10.1 of the Agreement.

16. Santova satisfied the Chinese judgment against Patent by paying $26,985.50 -- the amount Castello failed to pay when it took possession of the goods.

17. Santova's liability was caused because of the unlawful and unjustified actions of Castello in not paying for the Goods it received.

### IV. PRAYER FOR RELIEF
### Count One
### (Implied or Equitable Indemnity)

18. Santova hereby incorporates paragraphs 1 – 17 by reference as if they were fully restated herein.

19. Santova was legally obligated to satisfy the Chinese Judgment although it had no fault, or only minor fault, in the incident.

20. The obligation was created through the fault of Castello in its unjustified and unlawful failure to pay the amount it owed to Changzhou.

---

[1] Patent is also known as "Hua Zhan Shen Peng International Logistics (shanghai) Co., Ltd." as it is identified in Exhibit 3.
[2] Santova is identified in the Agreement as" Spectrum Shipping, LLC", which was the company's name before a 2007 corporate name change. A certificate of corporate name change is attached as Exhibit 5.

21. Santova was injured in an amount not less than $26,985.50 because of the fault of Castello.

22. Castello is obligated to indemnify Santova in an amount not less than $26,985.50.

## Count Two
### (Unjust Enrichment)

23. Santova hereby incorporates the paragraphs 1-22 as if they were fully restated herein.

24. Castello was unjustly enriched in an amount not less than $26,985.50 when it took possession of the Goods without paying, and when Santova satisfied its obligations by paying the Chinese judgment.

25. Santova is entitled to recover an amount not less than $26,985.50 from Castello to prevent this unjust enrichment.

## Count Three
### (Breach of Contract as Equitable Subrogee of Changzhou)

26. Santova hereby incorporates the previous paragraphs as if they were herein restated.

27. Changzhou had a breach of contract claim against Castello for $26,985.50 because of Castello's failure to pay for the Goods.

28. Santova, who was not a volunteer, satisfied Changzhou's claim which was a debt for which Castello was primarily liable, and which in equity and good conscience should have been paid by Castello.

29. Pursuant to the doctrine of equitable subrogation, Santova assumes the rights in Changzhou's breach of contract claim.

30. Santova is entitled to an amount not less than $26,985.50 as a result of Castello's breach of contract created by Castello's failure to pay its debt that was due and owing.

WHEREFORE, for the foregoing reasons, Santova Logistics, LTD., by counsel, prays this court enter a judgment on its behalf against Castello 1935 Inc. in the amount of $26,985.50, for prejudgment interest on all sums that shall be adjudged to be owed, and for other relief as may be appropriate, including attorney's fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

SANTOVA LOGISTICS, LTD.

By: _____

Dustin M. Paul
Virginia Bar Number 75287
Attorney for Santova Logistics, LTD.
Vandeventer Black LLP
101 W. Main Street
500 World Trade Center
Norfolk, VA 23510
Phone: 757-446-8600
Facsimile: 757-446-8670
dpaul@vanblack.com